IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

CLEMENTINE B. WARREN,  *

    Plaintiff  *

vs.  *

                            CASE NO. 4:07-CV-10 (CDL)

SPECTRUM STORE INC.,  *
(aka) Circle K,
     *

    Defendant
     *

O R D E R

Plaintiff alleges in her Complaint that Defendant terminated her employment based upon the fact that she is black. She asserts her claim pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et. seq.* Defendant seeks summary judgment and in support of its motion has filed an affidavit from Robert Holcomb, Defendant's employee who made the decision to discharge Plaintiff. In that affidavit, Holcomb states that he observed on a surveillance videotape Plaintiff and a fellow employee, who was white, in an altercation and that what he observed violated company policies. Therefore, he made the decision to terminate the employment of both employees, including Plaintiff. Plaintiff has failed to file any response to Defendant's motion and specifically has not controverted the Holcomb affidavit.

It is clear from the present record that Defendant's Motion for Summary Judgment should be granted. Summary judgment is appropriate

when the undisputed facts establish that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. In a claim for discriminatory discharge based upon race, the Plaintiff has the initial burden of establishing a prima facie case.[1] When that burden has been carried, the Defendant must articulate legitimate non-discriminatory reasons for the discharge. If Defendant carries that burden, Plaintiff must produce evidence that creates a genuine issue of material fact as to whether Defendant's stated reasons for its decision were pretextual. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973).[2]

Assuming *arguendo* that Plaintiff has established a prima facie case, it is clear that Plaintiff has produced no evidence from which a reasonable fact finder could conclude that Defendant's reason for its discharge of Plaintiff, a violation of company policy, was a pretext for discrimination. The undisputed evidence establishes that Plaintiff was involved in an altercation with a fellow employee and that both employees were fired because their conduct violated legitimate company policies.

Based on the foregoing, Defendant's Motion for Summary Judgment (Doc. 9) is granted.

---

[1] It is doubtful that Plaintiff can even establish a prima facie case of discriminatory discharge. Nevertheless for purposes of this Order, the Court assumes that Plaintiff can establish a prima facie case.

[2] This analytical framework applies to racial discrimination discharge claims that are based upon circumstantial evidence. Plaintiff has produced no direct evidence of racial discrimination.

2

IT IS SO ORDERED, this 30th day of March, 2007.

                                           S/Clay D. Land
                                               CLAY D. LAND
                                   UNITED STATES DISTRICT JUDGE